# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Chicola                        Civil Action No. 17-00295

versus                        Judge Rebecca F. Doherty

Terminix International Co L P      Magistrate Judge Carol B. Whitehurst
et al

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The Court has reviewed the Notice of Removal in which the defendants indicate that removal was filed based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *R. 1*. Under 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. The person seeking to invoke federal court jurisdiction, in this case Defendant, has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). While the Court finds that the amount in controversy is facially apparent from the Petition, the diversity of citizenship has not been established.

Plaintiff is a citizen of Louisiana. Defendant's Notice of Removal states that it is a Delaware limited partnership comprised of two partners: a General Partner, Terminix International, Inc. ("Terminix") and a Limited Partner, Servicemaster Consumer Services Limited ("Servicemaster") *R.1*. Terminix has provided a Revised Corporate Disclosure Statement stating that it is a Delaware Corporation with its principal place of business in Tennessee *R.7*. Defendant alleges that Servicemaster Consumer Services Limited is a citizen of Tennessee based on filings with the Louisiana Secretary of State

R.1. However, Servicemaster Consumer Services Limited has not properly stated its citizenship.

For purposes of federal diversity jurisdiction, the partnership itself is considered a citizen of every state of which a general or a limited partner is a citizen. *Bankston v. Burch*, 27 F.3d 164, 166 (5th Cir. 1994), *Wahlen v. Carter*, 954 F.2d 1087, 1094-5 (5th Cir. 1992). *See, also,* Harvey *v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Therefore, the diversity analysis for a partnership (like a limited liability company) requires a determination of the citizenship of every member of the company. If any one of the members is not diverse, the partnership (or the limited liability company) is not diverse. In the event a member of a limited liability company (or partnership) is another limited liability company, the members of that limited liability company must be properly alleged as well. *See Id*.

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged. *Mullins v. Testamerica, Inc.*, 300 Fed. App'x 259, (5th Cir. 2008). Defendant has not presented evidence as to the citizenship of all of the members of its partner company, Servicemaster . Therefore the undersigned is unable to determine whether the parties are diverse in citizenship.

IT IS THEREFORE ORDERED that, not later than fourteen (14) days after the date of the entry of this order, Plaintiff shall file a memorandum setting forth specific information as to Servicemaster Consumer Services Limited that supports a finding that the parties are diverse in citizenship.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 5th day of May, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**